UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

JENNY RUBIN
DEBORAH RUBIN
2410 ½ Helm Ave.
Los Angeles, CA 90034

DANIEL MILLER
7871 Tennyson Ct.
Boca Raton, FL 33433

ABRAHAM MENDELSON
9521 Kirkside Rd.
Los Angeles, CA 90035

STUART ELLIOT HERSH
RENAY E. FRYM
Ha Palmach St.
Kiryat Arba, Israel

NOAM ROZENMAN
ELENA ROZENMAN
TZVI ROZENMAN
15 Naomi St.
Jerusalem, Israel

PLAINTIFFS,

vs.

HAMAS -- ISLAMIC
RESISTANCE MOVEMENT (A.K.A.
"HARAKAT AL-MUQAWAMA AL-ISLAMIYYA")
Al-Yarmouk Refugee Camp
Damascus, Syria

c/o Sheik Ahmed Yassin
Sabra District Gaza City
Gaza Strip

DEFENDANT

FILED
MAY 17 2002

CASE NUMBER 1:02CV00975
JUDGE: Ricardo M. Urbina
DECK TYPE: General Civil
DATE STAMP: 05/20/2002

**COMPLAINT**

## INTRODUCTION

1. This action is brought pursuant to the Anti-Terrorism Act of 1991, 18 U.S.C. §2331 et seq., by American citizens who were injured in a terrorist bombing on September 4, 1997 in Jerusalem, Israel, for damages caused by acts of international terrorism and related tortious behavior.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter and over the defendant pursuant to 18 U.S.C. §2333 and §2334 and the rules of supplemental jurisdiction.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(d).

## PARTIES

4. JENNY RUBIN, an American citizen, was injured in a terrorist bombing carried out on September 4, 1997 by the HAMAS terrorist organization on the Ben Yehuda Street pedestrian mall in Jerusalem, Israel ("the terrorist bombing").

5. DEBORAH RUBIN, an American citizen, is the mother of JENNY RUBIN.

6. DANIEL MILLER, an American citizen, was injured in the terrorist bombing.

7. ABRAHAM MENDELSON, an American citizen, was injured in the terrorist bombing.

8. STUART ELLIOT HERSH, an American citizen, was injured in the terrorist bombing.

9. RENAY E. FRYM, an American citizen, is the wife of STUART ELLIOT HERSH.

10. NOAM ROZENMAN, an American citizen, was injured in the terrorist bombing.

11. ELENA ROZENMAN, an American citizen, is the mother of NOAM ROZENMAN.

12. TZVI ROZENMAN, an American citizen, is the father of NOAM ROZENMAN.

13. Defendant HAMAS -- ISLAMIC RESISTANCE MOVEMENT, also known as "HARAKAT AL-MUQAWAMA AL-ISLAMIYYA," (hereinafter HAMAS) a legal person as defined in 18 U.S.C. §2331(3), is dedicated to murdering individuals through bombings, shootings and other violent means.

## STATEMENT OF FACTS

14. On September 4, 1997, at the Ben Yehuda Street pedestrian mall in downtown Jerusalem, Israel, terrorists belonging to and acting on behalf of HAMAS simultaneously detonated several nail studded bombs packed with high explosives and shrapnel. The bombs killed seven people and injured nearly 200 others.

15. The attack was directed by senior HAMAS terrorist leader Mahmoud Abu Hanoud. Hanoud was responsible for masterminding numerous attacks over the last five years.

16. Shortly after the suicide attack, HAMAS boasted of its responsibility for the bombing, and several members of HAMAS have been convicted for their roles in planning and executing the attack.

17. JENNY RUBIN, DANIEL MILLER, ABRAHAM MENDELSON, STUART ELLIOT HERSH and NOAM ROZENMAN ("the Victims") were among those injured in the terrorist attack.

18. HAMAS - Islamic Resistance Movement, known in Arabic as "Harakat Al-Muqawama Al-Islamiyya", (hereinafter HAMAS), is an international terrorist organization based primarily in the West Bank and the Gaza Strip.

3

19. During the period relevant, HAMAS organized, planned and executed acts of violence and terrorism against civilians in Israel, Gaza and the West Bank. HAMAS has carried out scores of terrorist attacks, murdering hundreds of civilians and injuring hundreds more. Among the hundreds of civilians murdered and wounded by HAMAS were over a dozen United States citizens, including Nachshon Wachsman (October 14, 1994), Joan Davenny (August 21, 1995), Sara Duker, Matthew Eisenfeld, Ira Weinstein (all on February 25, 1996), Yitzchak Weinstock (December 2, 1993), David Boim (May 13, 1996), and Yaron Ungar (June 6, 1996).

### FIRST CLAIM FOR RELIEF
### INTERNATIONAL TERRORISM PURSUANT TO 18 U.S.C. §2333

20. The preceding paragraphs are incorporated by reference as though fully set forth herein.

21. Defendant's acts constitute a violation of the criminal laws of the United States and of the several states, or would constitute criminal violations if committed within the jurisdiction of the United States.

22. HAMAS' actions "appear to be intended to intimidate or coerce a civilian population," and "to influence the policy of a government by intimidation or coercion," within the meaning of 18 U.S.C. §2331, in light of its openly declared goals and purposes and because HAMAS: (a) repeatedly advocated, praised and lauded acts of terrorism and violence against Jewish and Israeli civilians, admitted to committing such acts and expressly stated that these acts were intended to intimidate and coerce the a civilian population, and to influence the policy of the United States and Israeli governments and (b) expressly threatened the further occurrence of such terrorist acts if their political demands were not met.

23. Defendant's acts were dangerous to human life, by their nature and as evidenced by their consequences.

24. Defendant's acts occurred outside the territorial jurisdiction of the United States.

25. Defendant's actions constitute acts of international terrorism as defined in 18 U.S.C. §§2331 and 2333.

26. Defendant's acts of international terrorism caused Plaintiffs severe injury, including: pain and suffering, loss of pecuniary support, loss of income, loss of consortium, emotional distress, loss of parental society and companionship and loss of solatium.

## SECOND CLAIM FOR RELIEF
## BATTERY

27. The preceding paragraphs are incorporated by reference as though fully set forth herein.

28. The terrorist bombing caused the Plaintiffs severe physical and psychological injuries, extreme pain, suffering and severe financial loss, including deprivation of present and future income.

29. As a result of the severe injuries inflicted on them by the terrorist bombing, the Plaintiffs required hospitalization and medical treatment.

30. The Plaintiffs continue to suffer from permanent injuries caused by the terrorist bombing.

31. Defendant's actions were willful, malicious, intentional, reckless, unlawful and were the proximate cause of the terrorist bombing and the injuries suffered by the Plaintiffs.

32. Defendant's conduct was outrageous in the extreme, wanton, willful and malicious, and constitutes a threat to the public warranting an award of punitive damages.

### THIRD CLAIM FOR RELIEF
### ASSAULT

33. The preceding paragraphs are incorporated by reference as though fully set forth herein.

34. The terrorist bombing and the ensuing carnage caused the Plaintiffs fear and apprehension of harm and death, and actual physical harm.

35. As a direct and proximate result of Defendant's acts, the Plaintiffs have suffered extreme mental anguish, physical injury and pain and suffering.

36. The terrorist bombing constituted an assault on the persons of the Plaintiffs.

37. Defendant's conduct was outrageous in the extreme, wanton, willful and malicious, and constitutes a threat to the public warranting an award of punitive damages.

### FOURTH CLAIM FOR RELIEF
### LOSS OF CONSORTIUM AND SOLATIUM

38. The preceding paragraphs are incorporated by reference as though fully set forth herein.

39. Due to the injuries caused by defendant to JENNY RUBIN, a minor on September 4, 1997, DEBORAH RUBIN was deprived of the services, society, guidance and consortium of her daughter, and suffered and will continue to suffer severe mental anguish, grief, and injury to her feelings.

40. Due to the injuries caused to her by the defendant, JENNY RUBIN was deprived of the services, society, guidance and consortium of her parents and siblings, and suffered and will continue to suffer severe mental anguish, grief and injury to her feelings.

41. Due to defendant's actions, RENAY E. FRYM was deprived of the services, society, guidance and consortium of her husband, and suffered and will continue to suffer severe mental anguish, grief, and injury to her feelings.

42. Due to the injuries caused to him by the defendant, STUART HERSH was deprived of the services, society, guidance and consortium of his wife, and suffered and will continue to suffer severe mental anguish, grief, and injury to his feelings.

43. Due to the injuries caused by defendant to NOAM ROZENMAN, a minor on September 4, 1997, ELENA ROZENMAN and TZVI ROZENMAN were deprived of the services, society, guidance and consortium of their son, and suffered and will continue to suffer severe mental anguish, grief, and injury to their feelings.

44. Due to the injuries caused to him by the defendant, NOAM ROZENMAN was deprived of the services, society, guidance and consortium of his family and suffered and will continue to suffer severe mental anguish, grief and injury to his feelings.

45. Defendant's conduct was outrageous in the extreme, wanton, willful and malicious, and constitutes a threat to the public at large warranting an award of punitive damages.

### FIFTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46. The preceding paragraphs are incorporated by reference as though fully set forth herein.

47. Defendant's conduct was willful, outrageous and dangerous to human life, and violates applicable criminal law, all international standards of civilized human conduct and common decency.

48. Defendant intended to terrorize the plaintiffs and cause them egregious emotional distress.

49. Defendant's conduct was outrageous in the extreme, wanton, willful and malicious, and constitutes a threat to the public at large warranting an award of punitive damages.

WHEREFORE, Plaintiffs request judgment against HAMAS for each of the above causes of action, for compensatory damages, statutory treble damages, costs and attorney's fees in the amount of $250,000,000 and punitive damages, and such other relief as the Court finds just and equitable.

Plaintiffs by their Attorneys,
McIntyre, Tate, Lynch & Holt LLP

_____  5/16/02
David J. Strachman  Bar #D00210
321 South Main Street, Ste. 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 fax